BEFORE THE SECOND DIVISION, APRIL 17, 1951

**No. 55471.**—Criterion Lamp & Shade Co. *v.* United States, protests 145871–K, etc. (New York).

LAWRENCE, Judge: There is presented here for our determination the proper classification of certain electrical key sockets imported from Mexico covered by the 15 protests enumerated in schedule "A," attached to and made part of our decision herein, which causes of action were consolidated for trial and decision at the request of counsel for both parties.

A sample of the merchandise was admitted in evidence and marked plaintiff's exhibit 1.

It appears from the record that the articles in controversey were classified by the collector of customs at the port of New York as "Articles or wares not specially provided for, if composed wholly or in chief value of * * * copper * * *, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether

partly or wholly manufactured" within the provisions of paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397) and duty was assessed thereon at the rate of 45 per centum ad valorem. In addition, there was imposed a copper tax pursuant to section 3425 of the Internal Revenue Code (26 U. S. C. § 3425) of three-fourths of 1 cent per pound, which is not here in issue.

Of the various claims contained in the protests, the only one relied upon by the plaintiff is the contention that the merchandise should properly have been assessed with duty at 35 per centum ad valorem as—

All articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy;

electrical telegraph (including printing and typewriting), telephone, signaling, radio, welding, ignition, *wiring*, therapeutic, and X-ray *apparatus, instruments* (other than laboratory), *and devices*; [Italics added.]

as provided in paragraph 353 of said act (19 U. S. C. § 1001, par. 353).

At the trial of these cases, counsel for the parties orally stipulated that plaintiff's exhibit 1 represents the merchandise in each of the protests which have been consolidated; that the imported merchandise, as represented by said exhibit 1, consists of key sockets to which electric wires are attached; and that the sockets are used in turning on and off electric current and also as holders for electric bulbs. It was further stipulated that the trade catalog of the Midtown Electric Supply Co. (which was not offered in evidence), copyrighted in 1940, at page 6, described as wiring devices merchandise of the same character as plaintiff's exhibit 1.

The cases were submitted for decision upon said exhibit and the oral stipulation of fact referred to, *supra*.

From a visual examination of exhibit 1, which represents a commonplace key-operated electric-light socket, and from a consideration of the facts which have been agreed upon by the parties, the merchandise would appear to be substantially identical with that involved in the case of *National Carloading Corp.* v. *United States*, 26 Cust. Ct. 173, C. D. 1320, decided concurrently herewith, the only difference being that in the present case the electric circuit is opened or closed by a key-operated mechanism, whereas in the *National Carloading* case the electric circuit is opened or closed by means of a push button.

In harmony with the views expressed by the court in the companion case and upon the authorities there relied on, the merchandise herein is held to have been properly classified by the collector of customs, and his decision in each case is affirmed.

Judgment will be entered overruling the protests in all respects.

CONCURRING OPINION

Rao, Judge, and Ford, Judge: We concur in the conclusion reached by our associate solely by reason of the decision in *United States* v. *N. Minami & Co., Inc.*, 29 C. C. P. A. (Customs) 169, C. A. D. 188.