(C. D. 1731)

NATIONAL CARLOADING CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 3, 1955)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* of counsel) for the plaintiff.
*Warren E. Burger,* Assistant Attorney General (*Richard H. Welsh* and *Arthur R. Martoccia,* trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges; RAO, J., not participating

LAWRENCE, Judge: This case was originally reviewed and decided by this court in *National Carloading Corp.* v. *United States,* 26 Cust. Ct. 173, C. D. 1320, adversely to plaintiff. Motion for rehearing was duly filed and granted. The case was restored to the calendar, further evidence introduced, and it was again submitted for decision.

The imported merchandise is described in the record as metal push-button sockets, which the collector of customs classified as articles in chief value of metal in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), and duty was imposed thereon at the rate of 45 per centum ad valorem.

Plaintiff originally relied principally upon the following alternative claims—

(1) That the merchandise should have been classified as machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 372) and dutiable at 27½ per centum ad valorem, or

(2) As "articles having as an essential feature an electrical element or device" in paragraph 353 of said act (19 U. S. C. § 1001, par. 353) and dutiable at the rate of 35 per centum ad valorem, or

(3) As "All articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy" in said paragraph 353 and likewise dutiable at 35 per centum ad valorem.

At the retrial, a motion to amend the protest was granted and plaintiff now relies upon the claim that the articles in controversy should be classified as "electrical * * * wiring * * * devices" in said paragraph 353 and, accordingly, dutiable at the rate of 35 per centum ad valorem.

The pertinent text of the statutes under consideration is here set forth—

Paragraph 397 of the Tariff Act of 1930:

Articles or wares not specially provided for * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

Paragraph 353 of said act:

All articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy;

electrical telegraph (including printing and typewriting), telephone, signaling, radio, welding, ignition, wiring, therapeutic, and X-ray apparatus, instruments (other than laboratory), and devices; and

articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs;

all the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

In our former decision herein, C. D. 1320, *supra*, the writer was of the opinion "* * * that the push-button sockets here in controversy, being parts of lighting fixtures, should properly be classified within the provisions of paragraph 397 of the Tariff Act of 1930 as articles or wares not specially provided for, wholly or in chief value of metal, of the kind therein made dutiable at 45 per centum ad valorem, as classified by the collector" and that this conclusion was in accord with the views expressed by our appellate court in *A. N. Khouri & Bro.* v. *United States*, 22 C. C. P. A. (Customs) 28, T. D. 47037.

In the *Khouri* case, the judgment of the trial court was affirmed in holding that floor and base lamps of various types, in chief value of metal, and usable, after being wired and equipped with switches, sockets, and bulbs, for electrical lighting, were not within the provisions of paragraph 353, *supra*.

Reference was also made to the case of *United States* v. *N. Minami & Co., Inc.*, 29 C. C. P. A. (Customs) 169, C. A. D. 188. One of my associates did not participate in the original decision (C. D. 1320), but another member concurred in the conclusion reached by me "solely by reason of the decision in" the *Minami* case. In that case, the appellate court affirmed the trial court in holding that Christmas wreaths, made of wood chip, to which was attached a wire cord having a socket for an electric light, there being a plug at one end of the cord designed for insertion in a wall socket, the bulb socket in the wreath being equipped with an element which lights the bulb when the cord is plugged into the wall socket, the wreaths being used generally at Christmas time for decorative purposes, came within the provision in paragraph 353, *supra*, for "articles having as an essential feature an electrical element or device, such as * * * signs."

The *Khouri* and *Minami* cases will be given further consideration *infra*.

The *National Carloading* case is here for the second time by virtue of rehearing proceedings as indicated, *supra*. In deciding that case, we were satisfied from the evidence that the subject push-button sockets were, in fact, parts of lighting fixtures and, for reasons assigned

by our appellate court not only in the *Khouri* case but, as well, in the *Minami* case, *supra*, that the sockets in controversy were excluded from the classification in paragraph 353, *supra*.

The testimonial record now before us consists of the evidence given by two witnesses, called by the plaintiff at the original hearing, and an additional one, Irvin C. Reiff, who was called at the rehearing. This witness testified that he was district manager in charge of the Chicago office of John I. Paulding, Inc., a concern "known in the trade as manufacturers of electrical wiring devices." The gist of this witness' testimony is that push-button sockets of the type here under consideration are, in fact, wiring devices and are so known in the trade. His testimony also establishes that the imported sockets are, in fact, parts of lighting fixtures.

While in the original proceedings plaintiff relied primarily upon the claims for classification in paragraph 353 for "articles having as an essential feature an electrical element or device" or, alternatively, the provision for "All articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy; * * *," its principal reliance now is upon its amended claim that the merchandise should be classified in paragraph 353 as "electrical * * * wiring * * * devices."

Another alternative claim originally invoked by plaintiff, that the merchandise be classified in paragraph 372 as machines, finished or unfinished, was found to be without merit; and, since it is not pressed here, it is deemed to have been abandoned.

It is appropriate here to review briefly the case of *Criterion Lamp & Shade Co.* v. *United States*, 26 Cust. Ct. 408, Abstract 55471, relating to electrical *key* sockets, which are now conceded by defendant to be in all material respects similar to the electrical *push-button* sockets in the *National Carloading* case, both cases having been originally decided concurrently.

In the *Criterion* case, we held that the electrical key sockets there in controversy were properly classified by the collector of customs as articles composed wholly or in chief value of metal. In the course of our opinion, we said—

From a visual examination of exhibit 1, which represents a commonplace key-operated electric-light socket, and from a consideration of the facts which have been agreed upon by the parties, the merchandise would appear to be substantially identical with that involved in the case of *National Carloading Corp.* v. *United States*, 26 Cust. Ct. 173, C. D. 1320, decided concurrently herewith, the only difference being that in the present case the electric circuit is opened or closed by a key-operated mechanism, whereas in the *National Carloading* case the electric circuit is opened or closed by means of a push button.

In conclusion, the writer of that opinion stated:

In harmony with the views expressed by the court in the companion case [*National Carloading*] and upon the authorities there relied on, the merchandise

herein is held to have been properly classified by the collector of customs, and his decision in each case is affirmed.

My two associates in that case expressly concurred "solely by reason of the decision in *United States* v. *N. Minami & Co., Inc.;* 29 C. C. P. A. (Customs) 169, C. A. D. 188."

A motion for rehearing was duly made, granted, and the case restored to the calendar. At the trial, counsel for the parties agreed upon certain factual matters, and the case was again submitted for decision and is reported as *Criterion Lamp & Shade Co.* v. *United States,* 32 Cust. Ct. 58, C. D. 1580. In its decision, a majority of the court (the present writer dissenting) sustained the claim of plaintiff that the merchandise should be classified as electrical wiring devices within the provisions of paragraph 353, *supra,* and dutiable at the rate of 35 per centum ad valorem.

The motivating reasons for departing from our original conclusion in the *Criterion* case are set forth in the majority opinion and may be summarized as follows:

1. "We are presently of opinion that our original decision was rendered without a due regard for the differences which exist between the record and claim in the instant case, and the record and claims in the so-called companion case."

2. "Specifically, the decision in the *National Carloading* case rested upon a finding of fact, made upon sufficient testimonial evidence to support it, that the there-involved articles were parts of lighting fixtures."

3. "That finding of fact made relevant the extended review of the background of, and circumstances under which, paragraph 353 was enacted, as set forth in the *Minami* case, *supra.*"

4. "The essence of that discussion, which need not here be repeated, spells out a congressional intent to include within the provisions of paragraph 397, *supra,* the basket clause of the metal schedule, illuminating or lighting fixtures, lamps, lamp bases, candelabra, candlesticks, and parts of any of the same."

5. "The views expressed in the *Minami* case, *supra,* would have a bearing upon the instant case only in the event that the articles at bar were established to be parts of lighting fixtures or any other of the items, hereinabove enumerated. But it must be held that the record before us is devoid of any evidence tending to support such a finding."

6. "The record in this case, documentary as well as stipulated, establishes the single ultimate fact that the involved key sockets are wiring devices. Wiring devices are specifically provided for within the second subdivision of paragraph 353, *supra,* and, hence, the merchandise at bar should fall within the scope of that provision."

However, the record before us here leads to a different conclusion from that arrived at in the *Criterion* case.

It is deemed prudent here to analyze the *Khouri* and *Minami* cases to appreciate their compelling force in arriving at our conclusion herein. Those cases are cited primarily to demonstrate the purpose of Congress to exclude from paragraph 353 lighting fixtures and various appurtenances. This is made indisputably clear from the following observations of the appellate court in the *Khouri* case, which was decided in 1934, certain phrases being stressed:

Paragraph 353 of the 1930 act is new to tariff legislation. Its legislative history, as set forth in the brief on behalf of the Government, indicates, we think, that Congress was seeking largely to provide a particular classification *for certain types of electrical devices*, some of which had been theretofore classified as machines, and others as manufactures of metal, or articles in chief value of metal, and possibly some under still other provisions.

We do not find in it, however, any language which seems to us to show a legislative intent of bringing lamp bases, or unfinished lamps, under said paragraph as "parts" of any of the numerous things for which provision is there made. We do not understand that there is any claim here that lamps, or lamp bases, are *ejusdem generis* with any of the articles *eo nomine* mentioned in said paragraph 353. The argument is rather to the effect that since the paragraph provides for "electrical * * * wiring * * * apparatus, instruments * * * and devices; * * * and parts thereof, finished or unfinished * * *," and since it is essential to wire lamps of the kind here at issue in order to furnish light, the language is broad enough to include them. *The suggestion is that the wire, with other appurtenances, is suitable for distributing electrical energy and does distribute it.*

In the sense that the electric current passes by means of a wire there is a distribution *in a broad sense*, but as used in said paragraph 353, we think "articles suitable for * * * distributing electrical energy" *obviously must be given the technical meaning appertaining to the art*, and that means through or over which electrical current merely passes were not intended to be included therein. Electrical distributors have a well-understood meaning in the art. Webster's New International Dictionary gives as one definition of distributor:

> An apparatus for distributing an electric current, either to various points in rotation, as in some motors, or along two or more lines in parallel, as in a distributing system.

*We do not regard the lamps or lamp bases here at issue as being the type of electrical apparatus, instrument, or device intended to be covered by the paragraph.*

* * * a mere showing that electric wires are put in the lamps, and that bulbs and other appurtenances essential to ordinary electric lamp lighting are placed therein, would not serve to bring the lamps within the paragraph. *Such wires, bulbs, switches, and sockets are not the character of elements to which we think the paragraph alludes.* * * * [Italics supplied.]

The above-quoted language points up the fact that Congress, in drafting paragraph 353, was seeking a special classification "for *certain types* of electrical devices" [italics supplied] and, furthermore, that it used the words "wiring * * * devices" as words of art. The court stated that while it is essential to wire lamps and to pass electric current through them, thereby distributing electrical energy "in a broad sense," nevertheless, the court was of the opinion that lamps and lamp bases were not the *type* of electrical apparatus and devices intended to be covered in paragraph 353. The court enlarged upon

this conclusion by pointing out that while electric wires are put in the lamps and that bulbs and other appurtenances essential to electric-lamp lighting are used therein, that "would not serve to bring the lamps within the paragraph" and, further, that "Such wires, bulbs, switches, and sockets are not the character of elements to which we think the paragraph alludes."

*United States* v. *N. Minami & Co., Inc.*,
29 C. C. P. A. (Customs) 169, C. A. D. 188

As pointed out, *supra*, this case, which was decided in 1941, related to Christmas wreaths having an electric cord and metal socket attached, used generally at Christmas time for decorative purposes, which were held to be properly classified as "articles having as an essential feature an electrical element or device, such as * * * signs" in paragraph 353.

The importance of that case here is largely due to the extent to which the appellate court explored further the background of paragraph 353 and related provisions and the information which was revealed, as disclosed below. In the course of its opinion, the court said:

With respect to the *Khouri & Bro.* case, *supra*, it seems proper to say at this point that in our study of the instant case we have taken occasion to reexamine the record which was there presented, as well as our opinion (written by the writer of the instant opinion), with the result that while we have no doubt as to the correctness of our conclusion there, so far as the issue actually before us was concerned, it must be conceded that the opinion contained certain *dicta* not essential to the decision.

Further, the court observed that, in the *Khouri* case, the legislative history (set forth in the brief in behalf of the Government) was referred to and not recited. Later, the court observed—

* * * It may be remarked, incidentally, that such history would seem to support the conclusion reached by both the trial court and this court in the *Khouri & Bro.* case, *supra*, although it was not recited in our decision there.

Referring specifically to the congressional background of paragraph 353, the following quotation from the appellate court in the *Minami* case is very illuminating, certain portions being stressed:

We may say here that this court has regarded paragraph 353 of the Tariff Act of 1930, *supra*, (which was new in that act), or at least parts of it, as being ambiguous, and in different decisions recourse has been had to its legislative history as an aid in construing it. *United States* v. *R. W. Cramer & Co., Inc.*, 22 C. C. P. A. (Customs) 45, T. D. 47049; *Ralph C. Coxhead Corp.* v. *United States*, 22 C. C. P. A. (Customs) 96, T. D. 47080. In the *Khouri & Bro.* case, *supra*, the legislative history was referred to but not recited.

Reference may be had to those decisions for such legislative history as was deemed pertinent in those cases. Much of it has little bearing on the issue now before us and need not be repeated.

Such legislative history as is deemed particularly pertinent here may be stated as follows:

H. R. 2667, which eventuated in the Tariff Act of 1930, as reported from the Committee on Ways and Means as it passed the House, carried a paragraph numbered 387 which read:

PAR. 387. Illuminating or lighting fixtures, lamps, lamp bases, candelabra, and candlesticks, any of the foregoing and parts thereof, finished or unfinished, not specially provided for, if wholly or in chief value of base metal or alloy, 50 per centum ad valorem; if wholly or in chief value of, or plated with, platinum, gold, or silver, 65 per centum ad valorem.

No special reference was made to it in the report of the Committee on Ways and Means which accompanied the bill, but it was printed in italics in the report, thus indicating it to be a change from the Tariff Act of 1922.

In the report of the Senate Committee on Finance which accompanied the bill when reported to the Senate (Senate Report No. 37, 71st Congress, 1st session, page 19) the following appears:

Paragraph 387.—Lighting Fixtures

*Provision for lighting fixtures has been eliminated with the intent of making them dutiable under the basket paragraph 398.*

That number—398—referred to the bill as it was laid before the Senate. In the subsequent renumbering of paragraphs in the act, it became No. 397, under which the merchandise here at issue was classified by the collector. It corresponds to paragraph 399 of the 1922 act.

In addition to the foregoing a statement was contained in that portion of the Senate committee's report relating to paragraph 353 which read:

*It is not intended that this paragraph should include lighting fixtures, provided for in paragraph 387 of the House bill, and eliminated therefrom by the Senate committee.*

After the bill, H. R. 2667, had passed both Houses of Congress and before the conferences between managers of the respective Houses were held, the United States Tariff Commission prepared a supplement to tariff information relating to items in the bill which were subject to conference. Reports of the United States Tariff Commission, vol. 29. The discussion of paragraph 353 begins on page 198 of the volume. While that discussion is interesting, such of it as might be regarded as having any bearing upon the instant case is expressed in the committee reports and need not be quoted here.

The discussion of the stricken paragraph 387 of the House bill is found on page 232 of vol. 29, Tariff Commission Report, where it is said, *inter alia*:

Under the act of 1922 and bill as passed by the Senate, lighting fixtures, lamps, candlesticks, and candelabra are dutiable as manufactures of metal, n. s. p. f. In the House bill special provision was made for them, but the same rates of duty were provided that were levied in the basket clause in that bill. In the Senate the paragraph was eliminated, thereby returning the articles to the general provision in paragraph 398.

*In the statement of the managers on the part of the House, filed in connection with the conference report (H. R. Report 1892, 71st Congress, 2nd session) at page 64, it was said that the effect of striking out the paragraph 387 (to which the House agreed) was "to throw the items into the basket clause of the metal schedule."*

From the foregoing, it is our tentative view that it was not the intention of Congress to include lighting fixtures, even though of an electrical character, in paragraph 353, but that it was intended that they should be classified under what

eventually became paragraph 397. *It is true that there is no reference in paragraph 397 to articles having an electrical element, but unless it was intended to include therein some articles having such an element, much of the discussion of paragraph 353—the electrical paragraph—by the Senate Committee's report above quoted would seem to be without meaning.*

The foregoing review of the legislative background of paragraph 353 lends emphasis and force to the conclusion reached by the appellate court in the *Khouri* case to the effect that it was the intention of Congress to exclude from paragraph 353 lamp fixtures and appurtenances essential thereto.. Even if we assume *arguendo* that such articles are "in a broad sense" wiring devices, they are not, as was said of the lamps or lamp bases in the *Khouri* case, "the *type* of electrical apparatus, instrument, or device intended to be covered by the paragraph." As stated in that case, while electric lamps or lighting fixtures are equipped with wires, that "would not serve to bring the lamps within the *paragraph*"; also, "Such wires, bulbs, switches, and sockets are not the character of elements to which we think the *paragraph* alludes." [Italics added.]

It will be observed that the court in the language just quoted used the word "paragraph." It did not single out any particular portion of paragraph 353.

It is unfortunate that the conclusion we have reached herein results in two decisions which are diametrically opposed to one another. It is admitted by the parties that the electrical sockets in the *Criterion* and *National Carloading* cases are in all material respects the same. In the former case, a majority of the court held that the subject merchandise should be classified in paragraph 353, while here we hold that it is not so classifiable.

For the reasons assigned and upon the record herein, we find and hold, in harmony with our original decision (C. D. 1320), that the subject merchandise is not classifiable for duty in paragraph 353 of the Tariff Act of 1930, as claimed by plaintiff.

The protest is overruled on all grounds and judgment will issue accordingly.